WM. McDANIEL, plaintiff in error, vs. the STATE OF GEORGIA, defendant in error.

It is not error for the presiding Judge in the Court below to refuse to allow an offender to settle a criminal cause of the grade in which he is vested with discretion to allow the settlement or not.

Indictment for Assault and Battery, in Dooly Superior Court. Decision by Judge Lamar, at October Term, 1858.

The grand jury made a special presentment against William McDaniel, charging him with the offence of assault and battery upon Elizabeth McDaniel, his wife.

The defendant pleaded not guilty. Bill of indictment waived and consent that the special presentment stand in lieu thereof.

Upon the case being called for trial, Mrs. McDaniel the wife of defendant, presented in writing a demand that the case be entered settled; claiming that under the statute providing for the settlement of criminal cases, she was entitled to this entry or order.

And she assigned as her reasons for making this demand;

1st. Because she had never authorized the prosecution to

be commenced, it having been carried on by persons, against her wishes, who are the enemies of her husband, and whose interference she not only does not desire, but the same is repugnant to her wishes and feelings.

2d. Because the unpleasant occurrence, the subject matter of the presentment, was immediately made up between her husband and herself, and mutual forgiveness granted; and that her husband has since become a member of the church, and is making, as she believes, an effort to live a ·better life, and, for this reason, she does not wish him disturbed and distracted on account of his prior misconduct or faults.

3d. Because her husband is an industrious man, providing for his large family, consisting of applicant and eleven children, whom he has to support, and whom he does well support by his industry; and the troubles growing out of this case have greatly embarrassed him, and if it proceeds, the fines will greatly impoverish him, and the loss and suffering will fall on herself and little children, whose sufferings are not regarded by those who are urging this prosecution.

4th. Because, the petition which she presents for the settlement of this prosecution, has been cheerfully signed by all the influential, wealthy and moral portion of the community.

5th. Because she herself has acted wrong in their past differences as well as her husband, and if they are satisfied to forgive each other and forget the past, and look forward to the future with hope, she cannot see why their misfortunes should be dragged before the public, and the secrets of the domestic hearth be made the subject of jest for the vulgar.

6th. Because, and more than all, she desires and demands that this prosecution be settled "for the sake of their infant children to whom she does not desire to transmit the memory of these domestic afflictions, now happily passed, as she hopes."

The Court at the instance of the Solicitor General, refused to hear Mrs. McDaniel's application, until the defendant should announce whether he was ready for trial.  To which ruling, counsel for Mrs. McDaniel excepted.

The defendant then continued the case on grounds satisfactory to the Court.  When Mrs. McDaniel's application was again taken up by the Court, and she offered to prove that the proceedings had been originally commenced by a prosecutor who had made an affidavit and had defendant arrested, but that it had been so managed as to drop the prosecutor's name and have a special presentment preferred. This proof the Court repelled, and counsel for Mrs. McDaniel excepted.

Mrs. McDaniel then tendered in evidence to the Court a petition, signed by about fifty persons, many of the grand jury, praying that the indictment against defendant should not be further prosecuted.

The Court refused the application to have the case settled, holding that Mrs. McDaniel had no right, under the statute, to have the case settled, and passed the following order:

"*The State vs. William McDaniel:* On hearing the demand of Mrs. McDaniel and the proof offered and tendered by her, it is ordered, that the application for a settlement of the case under the statute be and the same is hereby refused and overruled." Whereupon counsel excepted, and tender their bill of exceptions, assigning as error the foregoing rulings, decisions and order.

Thos. H. Dawson, Jno. B. Colding, A. P. Powers, for Mrs. McDaniel, and defendant Wm. McDaniel.

Sol. Gen. Montfort, *contra.*

*By the Court.*—McDonald J. delivering the opinion.

There is a class of minor criminal offences which may be settled by the offender with the prosecutor, with the consent

of the injured party, at any time before verdict.  They are such offences as are not punishable by fine and imprisonment or a more severe penalty.  The settlement may be made independent of the Court, and without its consent. Offences of higher grade than these above mentioned, cannot be settled without the consent of the prosecutor shown to the Court, nor without the consent of the Court by order entered on the minutes.  *Cobb's Dig.* 864.  The plaintiff in error is indicted for assault and battery, and on conviction, he may be punished by fine and imprisonment in the common jail, and his offence, therefore, does not fall within the class which may be settled by him without the consent of the Court.  It was within the discretion of the Court below to allow it to be settled or not, and there can be no legal error in the exercise of that discretion, and we, therefore, affirm the judgment.

My brethren are of opinion, that the parties ought to have been allowed to settle, upon the appeal which was made to the Court, as the indictment grew out of a family affair.  I can express no such opinion.  The application to the Court, as shown to us in this record, is not sustained by evidence. I think on such applications the Court ought to be satisfied that the interests of the community, and of the injured party, will suffer no detriment by allowing the settlement.

